<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

| | | |
|---|---|---|
| Melissa McArthur, individually and on behalf of other similarly situated individuals, <br>                  **Plaintiff** <br><br> **V.** <br><br> Edge Fitness, LLC., <br>                  **Defendant** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO.:** <br><br><br><br><br><br><br> **SEPTEMBER 15, 2017** |

<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

I. **INTRODUCTION**

1.      This action is brought on behalf of all Membership Advisors, employed by Defendant during the three years immediately preceding this lawsuit.  Defendant failed to pay Plaintiff Melissa McArthur (hereinafter "Plaintiff"), and other similarly situated employees overtime pay for hours above 40 in a workweek in violation of state and federal laws.

2.      Plaintiff alleges, on behalf of herself and other similarly situated current and former Membership Advisors of Defendant who elect to opt into this action, (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as required by law, and (ii) entitled to liquidated damages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      Plaintiff McArthur further alleges, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of other similarly situated current and former Membership Advisors of Defendant employed within the State of Connecticut (the "Rule 23 Class") that they are entitled to back wages from Defendant for all overtime work for which they did not receive overtime premium pay and an award of penalty damages, plus the cost of

1

litigation and reasonable attorneys' fees as required by the Connecticut Wage Act ("CWA"),
Conn. Gen. Stat. §§ 31-58, *et seq.*

## II.   JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §
1331 and 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.
§ 1367 since it is so related to her FLSA claims that it forms part of the same case or
controversy.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or
omissions giving rise to claims in this Complaint took place in this judicial district.

7.      This court has personal jurisdiction over Defendant because it is a Connecticut
LLC transacting business in the State of Connecticut.

## III.   THE PARTIES

8.      Plaintiff Melissa McArthur is an individual presently residing in Wallingford,
Connecticut.  Plaintiff worked as Membership Advisor in Connecticut for Defendant from
October 26, 2015 until October 19, 2016 and again from April 11, 2017 until June 5, 2017.

9.      Defendant Edge Fitness, LLC., is a corporation organized and existing under the
laws of the State of Connecticut.  Its principal office is located at 50 Boston Post Road, Orange,
Connecticut.

10.     Defendant operates thirteen (13) fitness locations in Connecticut and employs
Membership Advisors like Plaintiff and others at each of these locations.

11.     Plaintiff is an employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and

the CWA, Conn. Gen. Stat. § 31-58(e).

12.    Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d)
and the CWA, Conn. Gen. Stat. § 31-58(d).

13.    Defendant was the employer of Plaintiff McArthur and all other Membership
Advisors.

III.    STATEMENT OF FACTS

14.    At all relevant times, Plaintiff worked as a Membership Advisor for Defendant in
Defendant's Meriden location.  Plaintiff and the other Membership Advisors were scheduled for
forty-five (45) hours per week, but frequently worked more than forty-five (45) hours.

15.    Plaintiff and Membership Advisors were paid pursuant to a common pay plan
which did not include overtime premiums in violation of state and federal law.  They were
scheduled to work forty-five (45) hours per week and frequently worked longer hours,
sometimes over fifty (50) especially at the end of the month, but were not paid overtime
premiums for those extra hours.

16.     Plaintiff's regularly scheduled work hours varied between twelve (12) pm to nine
(9) pm or one (1) pm to ten (10) pm and she worked Monday through Wednesday, Fridays and
Saturdays.  Plaintiff was off on Thursdays and Sundays.  This scheduled totaled nine (9) hours
per day and five (5) days per week for a total of forty-five (45) hours.

17.    This pay plan included a base salary ($25,000) along with other income in the
form of bonuses and commissions.

18.    The commissions were less than one-half of Membership Advisors' total annual
compensation during a representative period of at least a month, thereby failing to satisfy the
requirements of the FLSA's inside sales exemption.  Furthermore, this plan contained no

3

provision to retroactively pay overtime in the event that a given Membership Advisor failed to earn sufficient commission during a representative period to qualify for the exemption.

19.     For example, during the month of November 2015, Defendant paid Plaintiff one thousand nine hundred and twenty-three dollars and six cents ($1,923.06) in salary and one hundred seventy dollars and fifty cents ($170.50) in commissions.

20.     Additionally, in September 2016, Defendant paid Plaintiff one thousand nine hundred and twenty-three dollars and six cents ($1,923.06) and five hundred and eight dollars and twenty-seven cents ($508.27) in commissions.

21.     At the beginning of 2017, Defendant changed the classification of Membership Advisors from exempt to non-exempt.  It changed their pay plan from salary /commission to hourly /commission.

22.     After this change in their compensation, Defendant began paying Membership Advisors overtime but failed to include their commissions in the calculation of their overtime pay in violation of state and federal law. Conn. Gen. Stat. § 31-76b(1); 29 U.S.C. § 207(e).

23.     For example, for the pay period ending May 11, 2017, Defendant paid Plaintiff nine hundred and sixty dollars ($960.00) in hourly wages at a rate of twelve dollars ($12.00) per hour, three hundred and six dollars ($306.00) in overtime at a rate of eighteen dollars (18.00) per hour and commissions of three hundred and sixty-three dollars and twenty cents ($363.20). Defendant calculated her overtime pay by multiplying her hourly rate by 1.5 and did not include her commission in the calculation.

A.      THE FLSA COLLECTIVE ACTION

24.     Plaintiff McArthur brings the first cause of action on behalf of herself and on behalf of two separate classes:

     i.      All persons who have worked for Defendant as Membership Advisors in Connecticut September 13, 2014 and December 31, 2016, who were classified as "exempt" and paid a salary and commissions but no overtime pay in violation of state and federal laws.

     ii.     All persons who have worked for Defendant as Membership Advisors in Connecticut from January 1, 2017 to the date of final judgment in this action, who were classified as non-exempt but who were not paid overtime on their commissions in violation of state and federal laws.

25.     Plaintiff McArthur brings this count under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiff McArthur and the other Membership Advisors are similarly situated in that they are all subject to Defendant's common plan or practice of paying them according to one common pay plan, which includes a base salary, bonuses and commissions, but no overtime, and which fails to satisfy any exemption under the FLSA.

B.      THE CONNECTICUT RULE 23 CLASS

26.     Plaintiff McArthur brings the second cause of action under the Connecticut Wage Act and Rule 23 of the Federal Rules of Civil Procedure, for herself and on behalf of two separate classes:

     i.      All persons who have worked for Defendant as Membership Advisors in Connecticut September 13, 2014 and December 31, 2016, who were classified as "exempt" and paid a salary and commissions but no overtime pay in violation of state and federal laws.

     ii.     All persons who have worked for Defendant as Membership Advisors in Connecticut from January 1, 2017 to the date of final judgment in this action, who were classified as non-exempt but who were not paid overtime on their commissions in violation of state and federal laws.

27.     As to Plaintiff's claims for money damages, pursuant to Conn. Gen. Stat. §§ 31-58 *et seq*., Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for these Connecticut claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

28.     The class is so numerous that joinder of all members is impracticable.  Upon information and belief, there are over 50 members of the class as defined.

29.     There are questions of law and fact common to the class, including whether the putative class members' common compensation plan violates Connecticut law, including the requirement that commissions be more than one-half of the total compensation, along with other requirements.

30.     The claims of the named Plaintiff are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members.  The legal issues as to which laws were violated by such conduct apply equally to Plaintiff and to the class.

31.     The named Plaintiff will fairly and adequately protect the interests of the class. Plaintiff's claims are not antagonistic to those of the putative class and she has hired counsel skilled in the prosecution of class actions.

32.     Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system,

protects the rights of each class member and maximizes recovery to them.

## IV.    LEGAL CLAIMS

**COUNT ONE:        VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C.
§ 216(b)**

33.    Based on the foregoing, Defendant violated the FLSA as to Plaintiff and the class
of Membership Advisors who worked for Defendant from September 14, 2014 to December 31,
2016.

34.    Plaintiff and all other similarly situated individuals who opt into this litigation are
entitled to overtime compensation for all overtime hours worked, liquidated damages, attorneys'
fees and court costs.

**COUNT TWO:        VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C.
§ 216(b)**

35.    Based on the foregoing, Defendant violated the FLSA as to Plaintiff and the class
of Membership Advisors who worked for Defendant from January 1, 2017 until the date of final
judgment in this matter.

36.    Plaintiff and all other similarly situated individuals who opt into this litigation are
entitled to overtime compensation for all overtime hours worked, liquidated damages, attorneys'
fees and court costs.

**COUNT THREE:    VIOLATION OF THE CONNECTICUT WAGE ACT, Conn. Gen.
Stat. §§ 31-58 *et. seq.***

37.    Based on the foregoing, Defendant violated the CWA as to Plaintiff and the class
of Membership Advisors who worked for Defendant from September 14, 2014 to December 31,
2016.

38.    Plaintiff and all other similarly situated individuals are entitled to overtime

compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT FOUR:      VIOLATION OF THE CONNECTICUT WAGE ACT, Conn. Gen. Stat. §§ 31-58 *et. seq.***

39.     Based on the foregoing, Defendant violated the CWA as to Plaintiff and the class of Membership Advisors who worked for Defendant from January 1, 2017 to the date of final judgment in this matter.

40.     Plaintiff and all other similarly situated individuals are entitled to overtime compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

Plaintiff claims:

1.      Designation of this action as a collective action pursuant to the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2.      Certification of this as class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) and the appointment of Plaintiff and their counsel to represent that class;

3.      An award of unpaid overtime wages under FLSA, 29 U.S.C. § 216(b);

4.      An award of unpaid overtime wages under the CWA, Conn. Gen. Stat. § 31-68;

5.      An award of liquidated damages under FLSA, 29 U.S.C. § 216(b);

6.      An award of penalty damages under the CWA, Conn. Gen. Stat. § 31-68;

7.      Attorneys' fees under FLSA, 29 U.S.C. § 216(b);

8.      Attorneys' fees under the CWA, Conn. Gen. Stat. § 31-68;

9.      Interest and costs; and

10.     Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Melissa McArthur individually and on
behalf of other similarly situated individuals


By:  _/s/ Deborah McKenna_
Deborah McKenna
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct17326
Ph: (203)691-6491
Facsimile:  (860) 218-9555
dmckenna@hayberlawfirm.com
Attorney for the Plaintiffs