UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELISSA MCARTHUR, *individually and on behalf of all other similarly situated individuals*,<br>    *Plaintiff*,<br><br>v.<br><br>EDGE FITNESS, LLC,<br>    *Defendant*. | No. 3:17-cv-01554 (JAM) |

**RULING GRANTING PLAINTIFF'S MOTIONS FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND FOR NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

Plaintiff Melissa McArthur brings this Fair Labor Standards Act ("FLSA") collective action for unpaid overtime wages against defendant Edge Fitness, LLC, which owns and operates 13 fitness clubs in Connecticut. Plaintiff worked for defendant until she was terminated from her position as Membership Advisor ("MA") on June 5, 2017. Plaintiff asserts that for a period of her employment ending November 24, 2016, defendant wrongly classified her as an "exempt" employee for FLSA purposes and failed to pay her overtime when she worked more than 40 hours a week. Plaintiff further claims that when defendant revised the classification of MAs to "non-exempt" for FLSA purposes, defendant failed to include commissions she earned and therefore under-calculated her overtime pay. Plaintiff moves for conditional certification of this suit as a collective action on behalf of all MAs who have worked for defendant since September 15, 2014, and for this Court to supervise notice to potential opt-in plaintiffs pursuant to FLSA, 29 U.S.C. § 216(b). I will grant the motion for conditional certification.

1

## BACKGROUND

Plaintiff worked for defendant in varying capacities from October 26, 2015, to June 5, 2017. From October 25, 2015, to October 19, 2016, plaintiff worked as a Membership Advisor. Between October 19, 2016, and April 11, 2017, plaintiff was a Sales Manager, overseeing the work of MAs. Finally, from April 11, 2017, until June 5, 2017, plaintiff worked as a Membership Advisor again.

Plaintiff alleges that since September 15, 2014, defendant has violated the FLSA by failing to pay MAs overtime and failing to include commission earnings in overtime calculations. There are two periods relevant to plaintiff's complaint. First, plaintiff complains that from September 15, 2014, to November 24, 2016, defendant violated the FLSA by failing to pay MAs overtime when MAs were classified as "exempt" for the purpose of overtime calculations. According to plaintiff, under 29 U.S.C. § 207(i), defendant should have calculated overtime at a rate of time-and-a-half for MAs anytime the commission earnings of MAs did not reach one-half of their total salary earnings for a pay period not less than one month. Doc. #58 at 3–4. Second, plaintiff complains that starting on November 25, 2016, when defendant changed the MAs' status from exempt to non-exempt, defendant failed to include MAs' commission earnings in the calculations of overtime pay. *Id.* at 4.

Plaintiff now seeks to conditionally certify two separate classes, pursuant to FLSA, 29 U.S.C. § 216(b), consisting of:

    i.      All persons who have worked for defendant as Membership Advisors in Connecticut from September 15, 2014, to November 24, 2016, who were classified as "exempt" and paid a salary and commissions but no overtime pay in violation of state and federal laws.

ii. All persons who have worked for defendant as Membership Advisors in Connecticut from November 25, 2016, to the date of final judgment in this action who were classified as non-exempt but who were not paid overtime on their commissions in violation of state and federal laws.

Defendant opposes conditional certification. According to defendant, plaintiff's proposed classes will include members who are different enough from plaintiff to defeat plaintiff's attempt to certify even at this preliminary stage. Defendant further argues that even if putative collective class members are similarly situated to the named plaintiff in this case, the Court should decline to order notification because plaintiff has already begun to notify potential opt-in plaintiffs through several means (*e.g.*, via email, through counsel's website, and in notices mailed to addresses provided by defendant in discovery).

## DISCUSSION

Plaintiff moves for (1) conditional certification of a FLSA collective action consisting of all persons who have been employed as MAs in the previous three years; (2) an order requiring that defendant disclose the names, last known addresses, telephone numbers, email addresses, and social security numbers of all persons employed as MAs at the company during the past three years; and (3) authorization to issue notice to these potential opt-in plaintiffs. For the reasons set forth below, I will grant plaintiff's motion, except with regard to certain aspects of her proposed disclosure and notice requests.

*Conditional Certification*

Congress enacted the FLSA to "protect workers and ensure that they are not subjected to working conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,

659 F.3d 234, 243 (2d Cir. 2011) (quoting 29 U.S.C. § 202(a)). In furtherance of this goal, the FLSA imposes numerous "wage and hour" requirements, including an overtime provision mandating employers to pay non-exempt employees time-and-a-half for each hour worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1).

Section 16(b) of the FLSA not only authorizes an employee to bring a private cause of action on his or her own behalf but also allows an employee to bring a "collective action" on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b); *Shahriar*, 659 F.3d at 243–44. Unlike a Rule 23 class action in which putative class members must opt *out* in order to remove themselves from the class, a FLSA collective action requires employees to affirmatively opt *in* to the case in order to join the collective action group. 29 U.S.C. § 216(b). A district court in turn has discretion to facilitate notice to potential opt-in plaintiffs of the pendency of the action and their opportunity to join as plaintiffs. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010).

The Second Circuit has described a two-step process for district courts to evaluate the certification of collective actions under the FLSA:

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. The court may send this notice after plaintiffs make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. . . . The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* "similarly situated" plaintiffs do in fact exist. At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

*Id.* at 55.

At the first step, a court's decision regarding whether to certify a FLSA collective action does not depend on the merits of a plaintiff's claims if these claims at least meet the threshold standard of plausibility. *See, e.g.*, *Perkins v. S. New England Tel. Co.*, 669 F. Supp. 2d 212, 219 (D. Conn. 2009). Rather, the decision to certify a collective action depends solely upon whether the plaintiff has made a modest factual showing that a class of "similarly situated" employees exists, and this requirement can be met by evidence that other prospective plaintiffs had similar job requirements and pay provisions. *See Lassen v. Hoyt Livery Inc.*, 2014 WL 4638860, at *4 (D. Conn. 2014).

With these standards in mind, I have little difficulty concluding that plaintiff has met her modest burden of demonstrating that she and other MAs are similarly situated, warranting conditional collective action certification and notice. To begin with, neither side disputes that, during the relevant time period in this litigation, all MAs were subject to the same commission-based compensation policy: all MAs were paid a salary of $25,000 with commissions and bonuses until November 24, 2016, and thereafter an hourly wage amounting to about $25,000 a year. In addition, no MA was paid time-and-a-half if and when she worked more than 40 hours per week and earned commissions totaling less than half of her earnings prior to November 24, 2016. Finally, no MA had her commission included in the calculation of overtime rates after the classification of MAs changed from exempt to non-exempt on November 25, 2016.

Moreover, it is clear that all MAs were subject to the same basic job duties and workplace policies. Doc. #38-8 (describing the Edge Fitness Membership Advisor job description and responsibilities in detail); Doc. #54-1 at 3–4 (same). Lastly, I conclude—without making any ultimate determination regarding the merits of plaintiff's claim on a full factual record—that plaintiff has alleged a plausible FLSA violation by pleading the existence of a class

of non-exempt employees who did not receive overtime pay for any hours worked in excess of 40 hours per week.

Defendant objects that the employee affidavits submitted by plaintiff contain "unsupported assertions" that do not provide evidence of a common scheme or plan to deny overtime pay. Doc. #54 at 8–11. I don't agree. The affidavits adequately describe each employee's work hours and pay arrangements not involving overtime compensation. In any event, I need not rely on these affidavits because defendant readily concedes that all MAs had the same job duties and were compensated under the same commission-based system. *See* Doc. #54-1 at 3–4.

While defendant argues that its compensation system did not violate the FLSA, that is not the relevant inquiry at this time. The focus for now is not whether plaintiffs have proved a violation of the FLSA but whether the proposed plaintiffs are similarly situated to the named plaintiff. *See Lassen*, 2014 WL 4638860, at *5.

Next, defendant argues that conditional collective action certification is inappropriate because plaintiff is dissimilar from other MAs and is not a proper collective action representative. Doc. #54 at 11–14. More specifically, defendant argues that (1) plaintiff held a management-level position during the alleged time period, so she was not "similarly situated" to putative plaintiffs for part of the alleged time period; (2) plaintiff suffered injuries in a motor vehicle accident that led her to file a separate suit against a third party in 2017; and (3) plaintiff and opt-in plaintiffs have not worked at all thirteen of its locations throughout Connecticut, and have no basis to show that MAs at locations where they have not worked are subject to the "common policy or plan" that they allege defendant subjected them to. I don't agree that any of these distinctions are material to my initial threshold determination that other MAs may be

similarly situated to plaintiff for the time when she served as an MA.

Because it is undisputed that all Membership Advisors had the same job duties and were subject to the same allegedly unlawful compensation policies, I conclude that plaintiff and potential opt-in plaintiffs are "similarly situated" for FLSA purposes and, accordingly, will conditionally certify this case as a FLSA collective action. The collective group to receive notice shall be comprised of all persons employed as Membership Advisors in the three years prior to the date plaintiff filed her complaint.[1]

*Notice*

Plaintiff further requests that, among other things, this Court (1) order defendant to produce a list of potential opt-in plaintiffs' names, last-known mailing addresses, social security numbers, last-known telephone numbers, email addresses, and dates of employment; (2) approve a notice period of 60 days; (3) allow plaintiff to send notice via email, direct mail, and text message; (4) allow plaintiff to post notice in defendant's fitness center locations; and (5) permit plaintiff to send reminder postcard notices within 30 days of the first mailing. Doc. #38-1 at 19.

To facilitate notice of this collective action case and the right of eligible individuals to join as opt-in plaintiffs, I grant plaintiff's request for an order that defendant disclose to her a list of the names, last known mailing addresses, and last known email addresses of all individuals employed as Membership Advisors in the past three years. Defendant is ordered to provide this information within 15 days.

I deny plaintiff's request for an order requiring that defendant disclose the telephone numbers and social security numbers of potential opt-in plaintiffs. In view of the fact that eligible

---

[1] Plaintiff requests tolling of the claims of putative plaintiffs to the date this suit was filed, September 15, 2017. I will defer this issue to a later stage of this litigation when I have a fuller record to determine if equitable tolling is appropriate. *See Strauch v. Comput. Sciences Corp.*, 2015 WL 3727804 at *9, n.* (D. Conn. 2015).

7

individuals will receive notification of this action via mail and email, plaintiffs have not demonstrated any particularized reason why disclosure of additional information is also necessary. *See Alli v. Boston Mkt. Co.*, 2011 WL 4006691, at *6 (D. Conn. 2011). I also deny plaintiff's request for authorization to engage in unsolicited contact with potential opt-in plaintiffs by phone or text message. In light of potential workplace disruption and the alternative notice options, I decline to require that defendant post a notice of the pendency of this collective action in its workplace. *See Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667–68 (S.D.N.Y. 2017).

With respect to notice procedures, the Court will separately docket an approved notice and consent-to-join form. Plaintiff may send these forms by postal mail and email twice: an initial notice may be sent to all putative collective action members at the outset of the notice period, and then a second notice may be sent to any member of the collective group who has not opted in 30 days later. The notice period shall last 60 days. While defendant requests a shorter notice period, I agree with plaintiff that 60 days is appropriate in the absence of any suggestion that there will be unusual difficulties locating or contacting potential opt-in plaintiffs. *See Lassen*, 2014 WL 4638860, at *7.

## CONCLUSION

For the reasons and to the extent set forth above, plaintiff's motion for conditional certification of a FLSA collective action (Doc. #38) is GRANTED. Defendant shall disclose to plaintiff the names and contact information for potential FLSA opt-in plaintiffs within **15 days**. The notice period—that is, the period during which individuals may "opt in" to the FLSA collective action—shall begin on Monday, July 23, 2018, and conclude on Friday, September 21, 2018.

It is so ordered.

Dated at New Haven this 5th day of July 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge