UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELISSA MCARTHUR, INDIVIDUALLY AND ON BEHALF OF OTHER SIMILUARLY SITUATED INDIVIDUALS,<br>         *Plaintiffs*, | : : : : : | CASE NO. 3:17CV1554(RMS) |
| v. | : : | |
| EDGE FITNESS, LLC.,<br>         *Defendant.* | : : | DECEMBER 3, 2018 |

### MODIFIED ORDER GRANTING PRELIMINARY APPROVAL TO FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the parties' Joint Motion for Modified Order Granting Preliminary Approval to a FLSA Collective and Rule 23 Class Action Settlement and the pertinent materials filed with that motion. The parties agree that this motion should be granted and have submitted the motion due to a mistake in the calculations of the individual payments anticipated as part of the settlement distribution. For good cause shown, and as more fully explained below, the motion is GRANTED. The Court ORDERS as follows:

      1.      Preliminary Certification of the Rule 23 Class. For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Rule 23 Class:

> All individuals who, at any time during the period between September 15, 2014 and December 31, 2017, were employed by Defendant within the State of Connecticut as Membership Advisors.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A.

2. Class Representatives. The Court conditionally approves Named Plaintiff, Melissa McArthur, as the Class Representative.

3. Class Counsel. The Court conditionally appoints as Class Counsel for the Rule 23 Class Richard E. Hayber of the Hayber Law Firm, LLC, 221 Main Street, Suite 502, Hartford, CT 06106.

4. Preliminary Approval of the Agreement. The proposed settlement set forth in the Agreement with modified exhibits appears, upon preliminary review, to be fair, reasonable and adequate. The Court therefore grants preliminary approval to the proposed settlement set forth in the Agreement.

5. The Court preliminarily orders that the parties perform settlement administration and distribution duties.

6. Fairness Hearing. A Fairness Hearing will be held on **February 12, 2019 at 9:30 a.m.** to consider whether to grant final approval of the Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

7. Notice to the Class. The Notice of Proposed Class Action Settlement and Fairness Hearing (the "Notice") attached as Exhibit E to the Agreement is approved. Not later than seven (7) days after the date of this Order, Class Counsel will mail, via First Class United States Mail, the Notice to the names and last known addresses of the Rule 23 Class and FLSA Collective members. If a Notice is returned to Class Counsel with a forwarding address, the Notice shall be re-mailed by the Settlement Administrator within three business days following receipt of the returned mail to the address indicated. If a Notice is returned to Class Counsel without a forwarding address, the Parties shall undertake reasonable efforts (such as skip traces) to search for the correct address and shall promptly re-mail the Settlement Notice to any newly found address(es).

8. Exclusion from the Class. Any Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to Class Counsel. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by Class Counsel within 30 days following the date of the initial mailing of the Notice, or, at minimum, must be postmarked by that deadline and received by Class Counsel within seven days thereafter. Any individual who requests to be excluded from the class but who changes his/her mind and wishes to still participate may withdraw that request in writing at any time prior to the Fairness Hearing.

9. Objections. Any Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Class Counsel via First Class United States mail and be received by Class Counsel by a date 30 days after the initial mailing by Class Counsel of the Notice, or, at minimum, must be postmarked by that deadline and received by Class Counsel within seven days thereafter. An objector who timely submits a written objection may appear at the Fairness Hearing in person (with or without counsel hired by the objector); however, an objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Rule 23 Class Member may appear at the Fairness Hearing for the purpose of presenting objections unless he or she filed a timely objection that complies with the procedures provided herein. Any Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than 14 days before the Fairness Hearing.

10. Named Plaintiffs may file a Petition for Attorney's Fees and Costs in accordance with Section 4.7 of the Agreement.

11. Stay. All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, the Named Plaintiffs and the Rule 23 Class Members are barred from commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims against Defendants or any of the Released Parties.

12. Terms. The terms used in this Order shall have the same meaning as they are defined in the Agreement.

13. Agreement and Order for Settlement Purposes Only. It is understood that the Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

14. Nullification. This Rule 23 Preliminary Approval Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

SO ORDERED this 3rd day of December, 2018 at New Haven, Connecticut.[1]

    /s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge

---

[1] The parties have consented to this Court's review and approval of the proposed settlement agreement. *See* Doc. 98.