UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                   :

MELISSA MCARTHUR, individually and   :      3:17 CV 1554 (RMS)
on behalf of others similarly situated        :
individuals                                            :
                                   :
V.                                            :
                                   :
EDGE FITNESS, LLC                      :      DATE: FEB. 20, 2019
                                   :
------------------------------------------------------- x

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT FOLLOWING RULE 23 FAIRNESS HEARING

Before the Court is the Proposed Order Granting Final Approval to a Fair Labor Standards Act ("FLSA") Collective and Rule 23 Class Action Settlement. (Doc. No. 104, Ex.1). On November 6, 2018, the parties consented to the jurisdiction of this United States Magistrate Judge, and the case was transferred accordingly. (Doc. No. 98). Upon consideration of the Parties' Joint Motion for Modified Order to Approve FLSA and Rule 23 Connecticut Wage Act Settlement (Doc. No. 101; *see* Doc. Nos. 92, 97), all of the supporting materials filed in connection therewith, the Proposed Order Granting Final Approval to a FLSA Collective and Rule 23 Class Action Settlement (Doc. No. 104, Ex. 1D), the Settlement Agreement (Doc. No. 104, Ex. 1), the distribution charts (Doc. No. 104, Exs. 1A-1B), the Modified Notice to the Class (Doc. No. 104, Ex. 1E), and the Declaration of Class Counsel (Doc. No. 104, Ex. 3), the Court, having heard from the parties at the February 12, 2019 Fairness Hearing and, for the reasons stated in open court on February 12, 2019, hereby enters this order granting Final Approval of the Settlement.

I.     STANDARD

Federal Rule of Civil Procedure 23(e) provides that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Pursuant to Rule 23(e),

> (1)   The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2)   If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

Fed. R. Civ. P. 23(e)(1)-(2).

To properly approve the settlement, the Court must find that the settlement provides "reasonable notice to the class members of the settlement proposal and the settlement must be procedurally and substantively fair, reasonable, and adequate." *O'Connor v. AR Resources, Inc.*, No. 3:08 CV 1703(VLB), 2012 WL 12743, at *2 (D. Conn. Jan. 4, 2012).

Notice requirements, as defined in Federal Rule of Civil Procedure 23(c)(2)(B), provide as follows:

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language:
>
> > (i)    the nature of the action;
> >
> > (ii)   the definition of the class certified;
> >
> > (iii)  the class claims, issues, or defenses;
> >
> > (iv)   that a class member may enter an appearance through an attorney if the member so desires;
> >
> > (v)    that the court will exclude from the class any member who requests exclusion; and

> (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

"To determine procedural fairness, courts examine the negotiating process leading to the settlement." *Matheson v. T-Bone Restaurant, LLC,* No. 09 Civ. 4214, 2011 WL 6268216, at *3 (S.D.N.Y. Dec. 13, 2011) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005) (additional citation omitted)). "To determine substantive fairness, courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)." *Matheson*, 2011 WL 6268216, at *3. The *Grinnell* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendant[] to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell Corp.,* 495 F.2d at 463 (internal citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res.*, 209 F.3d 43 (2d Cir. 2000). "Courts examine procedural and substantive fairness in light of the 'strong judicial policy in favor of settlement[]' of class action suits." *Matheson*, 2011 WL 6268216, at *4 (quoting *Wal-Mart Stores*, 396 F.3d at 116).

A class action settlement may be approved

> if it is fair, adequate, and reasonable, and not a product of collusion. A court determines a settlement's fairness by looking at both the settlement's terms and the negotiating process leading to settlement. A presumption of fairness, adequacy, and reasonableness may attach to a class settlement in arm's-length negotiations between experienced, capable counsel after meaningful discovery. We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy.

*Wal-Mart*, 396 F.3d at 116-17 (internal citations and quotations omitted).

II.     FINDINGS AND ORDER

The Court makes the following findings of fact and conclusion of law:

1. This litigation was initiated by a complaint filed on September 15, 2017 by the Named Plaintiff, Melissa McArthur, against the Defendant, Edge Fitness, LLC. (Doc. No. 1; *see* Doc. No. 58 (Amended Complaint)).

2. The Named Plaintiff asserted claims for unpaid overtime compensation under the FLSA on her own behalf and on behalf of a putative collective group of allegedly similarly situated employees of Edge Fitness who worked as Membership Advisors ("MAs"). The Named Plaintiff alleged that the Defendant misclassified the MAs as exempt from overtime from September 15, 2014 to November 24, 2016, and by failing to pay for any overtime hours worked, violated the FLSA and the CWA. The Named Plaintiff further alleged that, when the Defendant reclassified MAs as non-exempt from overtime on November 25, 2016, the Defendant undercalculated the amount of overtime due by failing to include commissions in the wage rate paid to employees, and thereby violated the FLSA and CWA by failing to pay for all overtime wages due from that date up to and including the date of final judgment.

3. The Defendant denied that any MAs were ever misclassified before November 25, 2016, but asserted that the Defendant properly classified MAs as exempt from overtime pursuant to the Administrative exemptions of the FLSA and CWA. The Defendant further asserted that overtime was properly calculated from November 25, 2016 to the date of final judgment, and that the MAs were properly paid all amounts due.

4. The parties entered the Settlement Agreement following a one-day private mediation before Joseph Garrison, a mediator experienced in wage and hour collective and class actions, followed by a full day settlement conference before this Court.

5. After a hearing on November 5, 2018, this Court granted preliminary approval to the resulting Settlement Agreement. (Doc. No. 96).

6. The parties discovered clerical errors that required modification to distribution amounts in the interests of fairness to the class. Thus, following a status conference with the Court, and a hearing held on the record on November 19, 2018, the parties sought a modification of the Settlement Agreement, with modified distribution lists, a continued date for the Fairness Hearing, and consent to review by this Court. (Doc. No. 101).[1]

7. On December 3, 2018, this Court issued the modified order granting preliminary approval of Settlement Agreement ("Preliminary Approval Order").

8. The Court held a Fairness Hearing on February 12, 2019. (Doc. No. 102).

9. The Court finds that the proposed Rule 23 Class, as defined in the Settlement Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies the following proposed Rule 23 Class, as defined for purposes of settlement only:

   All individuals who, at any time during the period between September 15, 2014 and January 1, 2018, were employed within the State of Connecticut as Membership Advisors.

---

[1] This case was transferred to this Magistrate Judge on consent on November 6, 2018. (Doc. No. 98).

The parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members.

10. For the purposes of the Settlement, the Court approves the Named Plaintiff, Melissa McArthur, as the Class Representative.

11. For the purposes of the Settlement, the Court appoints as Class Counsel for the Rule 23 Class Richard E. Hayber of the Hayber Law Firm, LLC, 221 Main Street, Suite 502, Hartford, CT 06106.

12. As part of the Preliminary Approval Order, this Court approved the Modified Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice"), pursuant to which Class members were to be provided notice of the proposed Settlement Agreement. The Notice approved provided an opportunity for the Class members to file objections to the Settlement Agreement and an opportunity to opt-out of the Settlement.

13. As included in the Notice, any Rule 23 Class Member who requested to be excluded from the class was directed to submit a signed request for exclusion to Class Counsel. To be effective, such request for exclusion must have included the individual's name and an unequivocal statement that the individual requested to be excluded from the class, and it must have been received by Class Counsel within 30 days following the date of the initial mailing of the Notice, or, at minimum, must have been postmarked by that deadline and received by Class Counsel within seven days thereafter. Any individual who requested to be excluded from the class, but who changed his/her mind and wished to still participate, could withdraw that request in writing at any time prior to the Fairness Hearing.

14. As included in the Notice, any Rule 23 Class Members who wished to present objections to the proposed settlement at the Fairness Hearing were required to do so first in writing, sent to the Class Counsel via First Class United States mail and received by Class Counsel by a date 30 days after the initial mailing by Class Counsel of the Notice, or, at minimum, must have been postmarked by that deadline and received by Class Counsel within seven days thereafter. An objector who timely submitted a written objection could appear at the Fairness Hearing in person (with or without counsel hired by the objector); however, an objector who wished to appear at the Fairness Hearing must have stated his or her intention to do so at the time he or she submitted his or her written objections. An objector could withdraw his or her objections at any time. No Rule 23 Class Member could appear at the Fairness Hearing for the purpose of presenting objections unless he or she filed a timely objection that complied with the procedures explained in the Notice. Any Rule 23 Class Member who requested exclusion from the class could not submit objections to the settlement. The parties were directed to file with the Court written responses to any filed objection no later than fourteen days before the Fairness Hearing.

15. The Named Plaintiff filed with the Court a Declaration of Attorney Michael Petela (Doc. No. 104, Exh. 3), declaring that in accordance with the procedures approved in the Preliminary Approval Order, he oversaw a mailing of the Notice to the class of MAs who were employed at Edge Fitness, LLC from September 15, 2014 through December 31, 2017. The notice mailing to the applicable class was sent out on December 7, 2018. In the weeks that followed, the Hayber Law Firm

received numerous inquiries from MAs, mostly updating their addresses for the purposes of distribution, which further confirmed accurate mailing of the notice to the class. A number of MAs notice mailings were returned to Class Counsel. Class Counsel reviewed the Hayber Law Firm's business records and determined that private search services, in particular, *Instant Checkmate*, were used to search when MAs mailings were returned to sender.

16. Class Counsel informed the Court that only one participating member requested exclusion from the class, and that member's opt out letter was attached to Class Counsel's submission of the proposed Final Order of Settlement. (Doc. No. 104, Ex. 2).

17. No Rule 23 Class Member submitted an objection to the Settlement. At the Final Fairness Hearing on February 12, 2019, the Named Plaintiff and only one Rule 23 Class Member appeared, and that individual voiced his support for the Settlement.

18. The Court finds that Notice was provided to the Class in accordance with the Settlement Agreement and this Court's Preliminary Approval Order. The Court finds and determines that the Notice provided in this case was the best notice practicable. The Notice was accurate, objective, informative, and provided members of the Class with the information necessary to make an informed decision regarding their participation in the Settlement and its fairness. The Notice provided Rule 23 Class Members with fair and adequate notice of the terms of the Settlement Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds that the Notice satisfied the

requirements for notice under Rule 23 of the Federal Rules of Civil Procedure, as well as constitutional due process.

19. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that an agreement was reached as the result of arms' length negotiations, including a one-day private mediation before Joseph Garrison, a mediator experienced in wage and hour collective and class actions, followed by a full-day settlement conference before this Court.

20. The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute involving claims for unpaid overtime wages under the FLSA and CWA.

21. The Court finds that the Settlement Agreement: (a) is fair to all parties; (b) reasonably resolved a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Collective and the Rule 23 Class members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of all claims.

22. There are a number of factors that the Court has considered in affirming this Settlement Agreement, including the following:

   a. The liability issues in this case have been vigorously contested.

   b. This Settlement Agreement has the benefit of providing relief to the Named Plaintiff, the FLSA Collective and the Rule 23 Class Members now, without further litigation, under circumstances where the liability issues are still contested among the parties to this litigation. The Settlement Agreement

provides the Named Plaintiff, the FLSA Collective and the Rule 23 Class members with a monetary benefit.

c. The Settlement Agreement is the byproduct of litigation between the Parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendant.

23. By operation of the Settlement Agreement and this Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, the Named Plaintiff and all Participating FLSA Collective and Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendant and all Released Parties from any and all Released Claims. The Named Plaintiff and the Participating FLSA Collective and Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims.

24. The Agreement shall be administered in accordance with its terms and the $566,875.00 Total Settlement Amount will be distributed as follows:

   a. The amount of $375,196.32 will be allocated to the class, inclusive of service payments to the Named Plaintiff.

   b. Unclaimed amounts from the $375,196.32 will be allocated to the Wounded Warriors Project.

   c. The amount of $188,958.33 will be allocated to reasonable attorneys' fees.

   d. The amount of $2,720.34 will be allocated to repayment of reasonable litigation expenses advanced in litigation.

25. The Notice provided Class members notice of Class Counsel's attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. The Court has considered the lack of any objections, the case law and precedent showing that the request is within the range of attorneys' fees in comparable cases, the reasonable and appropriate nature of the expenses, and the governing authority. (*See* Doc. Nos. 92, Exs. 2, 3, 3-1). The Court finds that the final approval of attorneys' fees in the amount of $188,958.33 is warranted and appropriate, and the approval of the repayment of $2,720.34 for reasonable litigation expenses advanced in litigation is reasonable.

26. The Court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members. The Settlement Agreement is fair, just, reasonable, and in the best interest of, the Rule 23 Class Members. It achieves a definite and certain result for the benefit of the Rule 23 Class Members that is preferable to continuing litigation in which the Rule 23 Class Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

27. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

28. The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

29. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 20th day of February, 2019 at New Haven, Connecticut.

      _/s/Robert M. Spector, USMJ
      Robert M. Spector
      United States Magistrate Judge